UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EPIFANIO MONARREZ, | ) |
|         Plaintiff, | ) Case No. 20-CV-7000 ) ) Judge Elaine E. Bucklo |
| v. | ) ) Magistrate Judge Young B. Kim |
| SGT. BURGE, Individually, THE CITY OF DIXMOOR, NATIONAL RAILWAY EQUIPMENT, A Railroad Building Company, ATTACK K-9 INCORPORATED, And ACTION K-9 SECURITY, INC., a Security Service Company, | ) ) ) ) ) ) ) |
|         Defendants. | ) |

**SECOND AMENDED
COMPLAINT AT LAW**

NOW COMES the Plaintiff, EPIFANIO MONARREZ, by and through his attorneys The Law Office of C.N. Norris, LLC, complaining against the Defendants, SGT BURGE, individually, THE CITY OF DIXMOOR, NATIONAL RAILWAY EQUIPMENT, a railroad building company, ATTACK K-9 INCORPORATED, and ACTION K-9 SECURITY, INC., a security company, states as follows:

**JURISDICTION AND FACTS**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, to redress deprivations of the Civil Rights of the Plaintiff, EPIFANIO MONARREZ, accomplished by acts and/or omissions of the Defendant, SGT BURGE, individually, and the CITY OF DIXMOOR, committed under color of law.

2. In addition, this action is brought pursuant to the laws of the State of Illinois, to redress tortious activity that affected the Plaintiff, EPIFANIO MONARREZ, accomplished by acts

and/or omissions of the Defendants, NATIONAL RAILWAY EQUIPMENT, a railroad building company, ATTACK K-9 INCORPORATED, and ACTION K-9 SECURITY, INC., a security company.

3. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

4. The Plaintiff, EPIFANIO MONARREZ, was at all relevant times, a United States citizen and a resident of the State of Illinois.

5. At all relevant times, Defendant SGT BURGE, was a duly appointed Dixmoor Police Officer acting within the scope of his employment and under color of law.

6. The CITY OF DIXMOOR is a municipal corporation and is the employer of Defendant SGT BURGE.

7. At all relevant times, Defendant NATIONAL RAILWAY EQUIPMENT, a railroad building company was an Illinois Limited Liability Corporation that owned, operated and controlled the railroad yard at incident in this case that was registered with the Illinois Secretary of State to do business in Illinois.

8. At all relevant times, Defendants ATTACK K-9 INCORPORATED, and ACTION K-9 SECURITY, INC. a security company, were Illinois Limited Liability Corporations, contracted by Defendant NATIONAL RAILWAY EQUIPMENT to provide security services to Defendant NATIONAL RAILWAY EQUIPMENT, a railroad building company, and operated within the railroad yard at incident in this case, that are registered with the Illinois Secretary of State to do business in Illinois.

9. On or about October 21, 2018, the Plaintiff, EPIFANIO MONARREZ, parked in front of "LKQ Pick Your Part" to look at car parts.

10. While there, Plaintiff noticed a railroad yard adjacent to the car parts store, owned and controlled by Defendant NATIONAL RAILWAY EQUIPMENT, that had a fence that separated the railroad yard from public property. The Plaintiff decided to take pictures of the trains located within the railroad yard.

11. At no point while taking pictures of the railroad yard did Plaintiff, EPIFANIO MONARREZ, trespass and/or enter the private property owned and controlled by Defendant NATIONAL RAILWAY EQUIPMENT.

12. After he took two photographs, security guards employed by Defendants ATTACK K-9 INCORPORATED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT. began running towards him and yelling.

13. Without justification, two security guards approached PLAINTIFF and physically attacked him by pushing him off the fence, and subsequently hitting him on the ground.

14. From inside the property, a third security guard employed Defendants ATTACK K-9 INCORPORATAED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT., lifted the fence from the bottom and requested the rest of the security guards to drag Plaintiff, EPIFANIO MONARREZ inside the private property owned and controlled by Defendant NATIONAL RAILWAY EQUIPMENT.

15. Once physically forced to be on private property, the Plaintiff, EPIFANIO MONARREZ was held to the ground by the security guards employed by Defendants ATTACK K-9 INCORPORATED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT, thereby preventing Plaintiff from leaving the premises.

16. Soon after, Defendant SGT BURGE arrived on scene.

17. At the time Defendant SGT BURGE arrived on scene, Plaintiff, EPIFANIO MONARREZ was visibly bleeding profusely.

18. A security guard employed by Defendants ATTACK K-9 INCORPORATED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT falsely accused the Plaintiff of trespassing on private property owned and controlled by Defendant NATIONAL RAILWAY EQUIPMENT.

19. Defendant SGT BURGE knew these accusations of trespass to be false.

20. Plaintiff EPIFANIO MONARREZ repeatedly requested medical assistance from Defendant SGT BURGE for his visible injuries. Defendant SGT BURGE deliberately ignored the Plaintiff's requests for medical assistance.

21. Plaintiff EPIFANIO MONARREZ was subsequently taken into custody by Defendant SGT BURGE.

22. However, because Defendant SGT BURGE knew the accusations of trespass to be false, he released the Plaintiff after a short period of time from custody and allowed the Plaintiff to return home without a formal arrest on October 21, 2018.

23. On October 22, 2018, Plaintiff EPIFANIO MONARREZ went to Dixmoor Police Department station and spoke with a receptionist stating that he wanted to file a citizen's complaint against Defendant SGT BURGE.

24. The receptionist informed Defendant SGT BURGE of the Plaintiff's request, who became angry and went to speak to the Plaintiff.

25. Defendant SGT BURGE was so upset that the Plaintiff was filing a citizen's complaint against him that, in retaliation, he falsely arrested the Plaintiff for committing a trespass on property owned and controlled by Defendant NATIONAL RAILWAY EQUIPMENT on October 21, 2018, even though he knew this criminal charge to be false.

26. Plaintiff EPIFANIO MONARREZ was incarcerated for approximately 3 hours at the police station and was subsequently released.

4

27. After his release on October 22, 2018, Plaintiff EPIFANIO MONARREZ again asked to file a citizen's report against Defendant SGT BURGE and was denied this request by Defendant SGT BURGE.

## COUNT I—ASSAULT/ILLINOIS STATE LAW

1-27. Each of the forgoing paragraphs are incorporated as if fully restated herein.

28. The actions of the Defendants, ATTACK K-9 INCORPORATED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT, constitute assault under Illinois State Law.

29. As a result of the actions of the Defendants, ATTACK K-9 INCORPORATED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT, the Plaintiff EPIFANIO MONARREZ, experienced pain, suffering, and monetary loss.

WHEREFORE the Plaintiff, EPIFANIO MONARREZ, prays for judgment against the Defendants, ATTACK K-9 INCORPORATED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT, for fair and reasonable compensatory damages and punitive damages, plus costs.

## COUNT II—BATTERY/ILLINOIS STATE LAW

1-29. Each of the forgoing paragraphs are incorporated as if fully restated herein.

30. The actions of the Defendants, ATTACK K-9 INCORPORATED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT, constitute battery under Illinois State Law.

31. As a result of the actions of the Defendants, ATTACK K-9 INCORPORATED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT, the Plaintiff EPIFANIO MONARREZ, experienced pain, suffering, physical injuries, and monetary loss.

WHEREFORE the Plaintiff, EPIFANIO MONARREZ, prays for judgment against the Defendants, ATTACK K-9 INCORPORATED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT, for fair and reasonable compensatory damages and punitive damages, plus costs.

### COUNT III—FALSE IMPRISONMENT/ILLINOIS STATE LAW

1-31. Each of the forgoing paragraphs are incorporated as if fully restated herein.

32. The actions of the Defendants, ATTACK K-9 INCORPORATED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT, constitute false imprisonment under Illinois State Law.

33. As a result of the actions of the Defendants, ATTACK K-9 INCORPORATED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT, the Plaintiff EPIFANIO MONARREZ, experienced pain, suffering, and monetary loss.

WHEREFORE the Plaintiff, EPIFANIO MONARREZ, prays for judgment against the Defendants, ATTACK K-9 INCORPORATED, ACTION K-9 SECURITY, INC., and NATIONAL RAILWAY EQUIPMENT, for fair and reasonable compensatory damages and punitive damages, plus costs.

### COUNT IV
### DELIBERATE INDIFFERENCE TO MEDICAL CARE
### UNDER THE FOURTEENTH AMENDMENT

1-33. Each of the forgoing paragraphs are incorporated as if fully restated herein.

34. On October 21, 2018, even though the Plaintiff EPIFANIO MONARREZ was bleeding profusely from injuries and requested medical assistance from Defendant SGT BURGE, Defendant SGT BURGE deliberately ignored the Plaintiff's requests for medical assistance.

35. Defendant SGT BURGE was not only aware of the Plaintiff EPIFANIO MONARREZ's medical needs, but also the necessary and simple medical accommodations that would address his medical injuries prevent, yet Defendant SGT BURGE refused to accommodate the Plaintiff, and directly caused him extreme pain and suffering. Therefore, Defendant SGT BURGE exhibited deliberate indifference to the medical needs of the Plaintiff EPIFANIO MONARREZ in violation of the 14th Amendment.

36. As a direct and proximate result of the Defendants' failure to provide adequate medical care, the Plaintiff EPIFANIO MONARREZ was unlawfully subjected to an unreasonable risk of serious harm and suffered damages as a result.

37. The actions of the Defendant SGT BURGE were willful and wanton.

WHEREFORE, the Plaintiff, EPIFANIO MONARREZ, prays for judgment against the Defendant SGT BURGE, and for compensatory damages, punitive damages, attorneys' fees, and costs.

## COUNT V
## FALSE ARREST

1-37. Each of the forgoing paragraphs are incorporated as if fully restated herein.

38. On October 21, 2018 Defendant SGT BURGE knew that Plaintiff did not commit a criminal trespass and released him from custody because he knew the Plaintiff to be innocent of a criminal trespass.

39. On October 22, 2018, in retaliation for the Plaintiff EPIFANIO MONARREZ's attempt to file a citizen's complaint against Defendant SGT BURGE, and even though Defendant SGT BURGE knew the Plaintiff did not commit a criminal trespass on October 21, 2018, Defendant SGT BURGE arrested the Plaintiff for a criminal trespass that allegedly occurred on October 21, 2018.

40. The charge against the Plaintiff was false.

41. At all relevant times, Defendant SGT BURGE was acting pursuant to the customs and policies of the Dixmoor Police Department.

42. The actions of Defendant SGT BURGE were intentional, willful and with malice.

43. Said actions of the Defendant SGT BURGE violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

44. As a direct and proximate consequence of said conduct of the Defendant, SGT BURGE, the Plaintiff, EPIFANIO MONARREZ, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

WHEREFORE, the Plaintiff, EPIFANIO MONARREZ, prays for judgment in his favor and against Defendant SGT BURGE, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT V
## FIRST AMENDMENT RETALIATION

1-44. Each of the forgoing paragraphs are incorporated as if fully restated herein.

45. On October 22, 2018, Defendant SGT BURGE prevented the Plaintiff from filing a citizen's complaint against him.

46. In the manner described more fully above, Defendant SGT BURGE, violated Plaintiff's First Amendment right by subjecting Plaintiff to retaliation for exercising his constitutional right to free expression and association.

47. Defendant SGT BURGE's retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

48. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

49. At all relevant times, Defendant SGT BURGE was acting pursuant to the customs and policies of the Dixmoor Police Department.

50. As a result of Defendant's misconduct, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

WHEREFORE, the Plaintiff, EPIFANIO MONARREZ, prays for judgment in his favor and against Defendant SGT BURGE, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT IV – CITY OF DIXMOOR/INDEMNIFICATION

1-50. Each of the forgoing paragraphs are incorporated as if fully restated herein.

51. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

52. Defendant SGT BURGE is an employee of the City of Dixmoor Police Department who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, should Defendant SGT BURGE be found liable for the acts alleged above, Defendant CITY OF DIXMOOR would be liable to pay the Plaintiff any judgment obtained against Defendant SGT BURGE.

                                                                  Respectfully submitted,

                                                                  /s/ Evan Finneke
                                                                 One of Plaintiff's Attorneys

Cierra Norris
Evan Finneke
The Law Office of C. N. Norris
900 W. Jackson Blvd., Suite 7E
Chicago, IL 60607
P:312.625.6129
ARDC: 6326893
Evan@cnnorrislaw.com
Cierra@cnnorrislaw.com